FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 30 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

THE SCO GROUP, INC., a Delaware
corporation,

        Plaintiff and Counterclaim-Defendant,

        -against-

NOVELL, INC., a Delaware corporation,

        Defendant and Counterclaim-Plaintiff.

---



MISC 07 -137

Case No. _____

Case No. 2:04cv00139 (pending in U.S.
District Court, District of Utah)

VITALIANO, J.

## NOTICE OF MOTION TO COMPEL COMPUTER ASSOCIATES INTERNATIONAL'S COMPLIANCE WITH SUBPOENA

PLEASE TAKE NOTICE that on April 17, 2007, or as soon as may be heard, Novell, Inc. ("Novell") will move this Court for an Order compelling Computer Associates International to comply with a subpoena issued out of this Court on or about February 2, 2007, at 9:00 a.m. at the United States District Court for the Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York 11201 before the Honorable Judge assigned to this matter. Novell incorporates as though fully set forth herein Novell, Inc.'s Motion to Compel Computer Associates International's Compliance with Subpoena and supporting Declaration of Heather M. Sneddon, which are being filed contemporaneously with this Notice of Motion.

Dated: March 30, 2007

        Respectfully submitted,

        MORRISON & FOERSTER LLP

        Craig B. Whitney (CW-4257)
        1290 Avenue of the Americas
        New York, New York 10104-0012
        Telephone: (212) 468-8000
        Facsimile: (212) 468-7900

        Attorneys for Novell, Inc.

Dockets.Justia.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 30 2007   ★

BROOKLYN OFFICE

Craig B. Whitney (CW-4257)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

Attorneys for Novell, Inc.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK



MISC   07   -137

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, | Case No. _____ |
| Plaintiff and Counterclaim-Defendant, | Case No. 2:04cv00139 (pending in U.S. District Court, District of Utah) |
| -against- | |
| NOVELL, INC., a Delaware corporation, | |
| Defendant and Counterclaim-Plaintiff. | VITALIANO, J. |

## NOVELL, INC.'S MOTION TO COMPEL COMPUTER ASSOCIATES
### INTERNATIONAL'S COMPLIANCE WITH SUBPOENA

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ...................................................................................................................... 7

I.    THE RE-ISSUED SUBPOENA WAS PROPERLY NOTICED, ISSUED AND
      SERVED................................................................................................................... 7

II.   COMPUTER ASSOCIATES' OBJECTIONS TO THE RE-ISSUED SUBPOENA
      ARE CONTRARY TO APPLICABLE LAW AND THE UTAH FEDERAL
      COURT'S SCHEDULING ORDERS......................................................................... 8

      A.   Computer Associates does not have standing to object to the Re-Issued
           Subpoena based upon orders entered by the Utah Federal Court ....................... 9

      B.   Contrary to Computer Associates' assertions, the Re-Issued Subpoena
           complies with all of the Utah Federal Court's scheduling orders ..................... 9

      C.   All other objections raised by Computer Associates to the Re-Issued
           Subpoena are untimely and have been waived ............................................... 10

      D.   The Re-Issued Subpoena imposes no undue burden or hardship on
           Computer Associates ..................................................................................... 12

III.  SCO'S OBJECTION TO THE RE-ISSUED SUBPOENA IS UNTIMELY AND
      IMPROPER............................................................................................................. 12

CONCLUSION.................................................................................................................. 14

## TABLE OF AUTHORITIES

Page

## CASES

*Anderson v. Bungee Int'l Mfg. Corp.*,
  1999 WL 219904 (S.D.N.Y. Apr. 14, 1999) ..............................................................................10

*In re DG Acquisition Corp.*,
  151 F.3d 75 (2d Cir. 1998) ..........................................................................................11, 13

*Innomed Labs, LLC v. Alza Corp.*,
  211 F.R.D. 237 (S.D.N.Y. 2002) .......................................................................................13

*Langford v. Chrysler Motors Corp.*,
  513 F.2d 1121 (2d Cir. 1975) ...........................................................................................13

*Martindell v. Int'l Tel. & Tel. Corp.*,
  594 F.2d 291 (2d Cir. 1979) ..............................................................................................9

*Nova Prods., Inc. v. Kisma Video, Inc.*,
  220 F.R.D. 238 (S.D.N.Y. 2004) .......................................................................................13

*Rouson v. Eicoff*,
  2006 WL 2927161 (E.D.N.Y. Oct. 11, 2006).....................................................................11

*United States v. Bryan*,
  339 U.S. 323 (1950)...........................................................................................................11

*United States v. International Bus. Mach. Corp.*,
  70 F.R.D. 700 (S.D.N.Y. 1976) .........................................................................................13

*Zipes v. Abraham*,
  1992 WL 328894 (E.D. Pa. Oct. 26, 1992) ........................................................................10

## STATUTES

Fed. R. Civ. P. 5(b)(2)...........................................................................................................3

Fed. R. Civ. P. 45(b)(1)..........................................................................................................3

Fed. R. Civ. P. 45(c)(2).................................................................................................7, 11, 13

Fed. R. Civ. P. 45(c)(3)...............................................................................................5, 6, 9, 12

Defendant and Counterclaim Plaintiff Novell, Inc., through its undersigned counsel, respectfully moves the Court for an order compelling Computer Associates International to comply with a subpoena.

## INTRODUCTION

In January of 2004, Plaintiff and Counterclaim-Defendant The SCO Group, Inc. ("SCO"), initiated a lawsuit against Defendant and Counterclaim-Plaintiff Novell, Inc. ("Novell"), entitled *The SCO Group, Inc. v. Novell, Inc.*, now pending before the United States District Court for the District of Utah (the "Utah Federal Court"), Case No. 2:04cv00139, concerning the ownership of certain UNIX[1] copyrights under an Asset Purchase Agreement executed by Novell and The Santa Cruz Operation, SCO's alleged predecessor, on September 19, 1995. One of the significant issues in the case pertains to the "SCOsource" program initiated by SCO, under which SCO sought to enter into license agreements with UNIX vendors and Linux[2] end users, ostensibly to permit UNIX vendors to use SCO's purported intellectual property rights in UNIX and to require Linux end users to compensate SCO for its purported UNIX intellectual property, which SCO contends is currently found in Linux distributions.

Computer Associates International ("CA"), a non-party to the underlying lawsuit, is an

---

[1]    UNIX is the name of a computer operating system originally developed beginning in the late 1960s by a group of software engineers at AT&T's Bell Laboratories. Over time, AT&T licensed its UNIX family of operating systems to universities, corporations, other entities and individuals. In 1993, AT&T sold its UNIX assets, held by its subsidiary UNIX System Laboratories ("USL"), to Novell. This transfer of assets to Novell included UNIX copyrights, trademarks and all active UNIX licensing agreements, including contracts relating to the most recent version of the UNIX operating system called UNIX System V. At the time there had been several major releases of System V, including Releases 1, 2, 3 and 4, also referred to as SVR1, SVR2, SVR3 and SVR4, or generically as SVRx. (Novell's Countercl., *The SCO Group, Inc. v. Novell, Inc.*, Utah Federal Court, Case No. 2:04cv00139, PACER No. 115, ¶¶ 6-7 (at 21).)

[2]    Linux is the name of a computer operating system, originally developed beginning in the early 1990s when Linus Torvalds, an undergraduate student at the University of Helsinki, began writing the Linux kernel, or the core of the Linux operating system. He released the first version of the Linux kernel on the Internet in 1991. Since then, thousands of software programmers around the world have engaged in a collaborative effort to further develop Linux. Linux was developed as open-source software and has become a popular alternative to proprietary operating systems. Unlike with other major operating systems, the underlying source code of Linux is available to the public. (Novell's Countercl., PACER No. 115, ¶¶ 8-9 (at 21-22).)

acknowledged SCOsource licensee, which took a license to the very software programs that are at issue in this case. There is no dispute that these issues are relevant to the underlying lawsuit; indeed, no such objections have been raised.

Accordingly, on January 10, 2007, Novell gave SCO written notice of its intention to serve CA with a document and deposition subpoena. Novell subsequently served CA with a valid subpoena requesting documents concerning CA's license agreement with SCO, and requesting CA's appearance at a deposition. Nevertheless, despite Novell's best efforts to cooperate with CA, alleviate CA's objections to and minimize any alleged burden imposed by the subpoena Novell served on CA, CA has obstinately refused to comply. Instead, CA objected to the subpoena based *solely* upon the deposition location, demanding that Novell re-issue the subpoena rather than cooperate with Novell in moving the location. Despite the fact that Novell met CA's demand by re-issuing and serving the subpoena with a new deposition location, CA has responded by lodging a continuous string of trivial objections, based largely on CA's assertion that Novell's re-issued subpoena allegedly violates the discovery schedule agreed to by the parties and approved by the Utah Federal Court in the underlying action. CA has even contended that Novell's attempt to schedule CA's deposition, which was noticed on January 10, 2007, is somehow untimely, when the Utah Federal Court's existing scheduling order permits depositions through March 30, 2007. The sole object of CA's objections is to frustrate Novell's re-issued subpoena, and CA's gamesmanship should not be tolerated. Accordingly, the Court should compel CA to comply with Novell's re-issued subpoena.

The Court should likewise disregard the half-hearted and untimely objection to Novell's re-issued subpoena asserted by SCO on March 1, 2007. SCO has been on notice of Novell's intent to serve CA with a subpoena since January 10th, and raised no objection to Novell re-issuing the original subpoena—with the exact same document requests and deposition topics—

when specifically notified by Novell's counsel of CA's objection to the deposition location. Moreover, SCO has not asserted any privilege that would be invaded by CA's compliance with the re-issued subpoena, SCO's objection was not lodged until well *after* the deadlines for CA to produce documents and appear for deposition, and SCO's objection is directly contrary to the Utah Federal Court's most recent scheduling order.

## STATEMENT OF FACTS

In accordance with DUCivR 45-1[3] of the Utah Federal Court's local rules, Novell served SCO with a Notice of Third-Party Subpoenas by hand delivery on January 10, 2007. (*See* 1/10/07 Notice of Third-Party Subpoenas, attached as Exhibit 1 to the Declaration of Heather M. Sneddon ("Sneddon Decl."), filed concurrently herewith.) CA was identified in the Notice, among other non-parties, and the subpoena that Novell intended to serve upon CA—requesting the production of documents and CA's appearance for a Rule 30(b)(b) deposition—was attached to the Notice. (*See id.*) Having received no objection to the CA subpoena from SCO within the timeframe provided in DUCivR 45-1, Novell served CA with the subpoena on January 18, 2007 (the "Original Subpoena"). (*See* 1/18/07 Original Subpoena, Sneddon Decl. Ex. 2.) Thus, by January 18, 2007, both SCO and CA were on notice of Novell's intent to seek documents and deposition testimony from CA.

On January 30, 2007, counsel for Novell contacted counsel for CA to determine whether CA intended to comply with the Original Subpoena. (*See* Sneddon Decl. ¶ 6.) CA's counsel indicated that CA had prepared a written response to the Original Subpoena, asserting a single

---

[3]     DUCivR 45-1 provides as follows:

The notice of issuance of subpoena with a copy of the proposed subpoena that is (1) directed to a non party, and (ii) commands production of documents and things or inspection of premises before trial shall be served on each party as prescribed by Fed. R. Civ. P. 45(b)(1). Service under Fed. R. Civ. P. 5(b)(2)(A) shall be made at least five (5) days prior to service of the subpoena on the non party. Service on parties under Fed. R. Civ. P. 5(b)(2)(B), (C) or (D) shall be made at least eight (8) days prior to service of the subpoena on the non party.

objection based solely upon the location of the deposition. (*See id.* ¶ 7; 1/30/07 Letter from Adam T. Bernstein to Heather M. Sneddon ("1/30/07 CA Objection"), Sneddon Decl. Ex. 3.) CA's counsel was unwilling to informally agree to move the deposition to a more convenient location for CA, and instead demanded that Novell go through the unnecessary process of re-issuing and serving the subpoena with a new deposition location. (*See* Sneddon Decl. ¶ 8.)

Novell's counsel contacted counsel for SCO to advise SCO of CA's objection to the Original Subpoena and Novell's intention to re-issue a subpoena to CA, changing only the location for the deposition and the compliance dates. (*See id.* ¶ 9.) SCO's counsel did not express any objection to re-issuing the subpoena. (*See id.*) Accordingly, in a gesture of cooperation and to accommodate CA's demand, Novell promptly re-issued the subpoena on February 1, 2007, changing the location for the deposition to a hotel located across the street from CA's headquarters (the "Re-Issued Subpoena"). Other than the deposition location and the dates for compliance, the Re-Issued Subpoena was *exactly the same* as the Original Subpoena. On February 2, 2007, CA was served with the Re-Issued Subpoena. (*See* 2/02/07 Re-Issued Subpoena, Sneddon Decl. Ex. 4.) That same day, Novell sent written notice to SCO of the Re-Issued Subpoena. (*See* 2/02/07 Letter from Heather M. Sneddon to Edward J. Normand, Sneddon Decl. Ex. 5.)

Rather than comply with the Re-Issued Subpoena, however, CA asserted a new objection on February 12, 2007, based upon the scheduling orders then entered by the Utah Federal Court. (*See* 2/12/07 Letter from Adam T. Bernstein to Heather M. Sneddon ("2/12/07 CA Objection"), Sneddon Decl. Ex. 6.) Specifically, CA claimed that, because the Re-Issued Subpoena was not served until February 2, 2007, the Utah Federal Court's October 24, 2006 Order, setting the fact discovery deadline on February 1, 2007, precluded Novell from seeking the production of any documents from CA. (*See id.*; 10/24/06 Order, Sneddon Decl. Ex. 7.) CA further asserted that

the Re-Issued Subpoena fell outside the Court's January 25, 2007 Minute Entry permitting Novell to "designate three or four additional depositions by January 29, 2007." (*See id.*, 1/25/07 Minute Entry, Sneddon Decl. Ex. 8.) Thus, CA demanded that Novell confirm "whether Novell has chosen its deposition of CA as the 'one more deposition by 2/9/07' allowed for by the Court's January 25, 2007 *Minute Order*." (*See id.*) Tellingly, CA waited until *after* the February 9, 2007 designation deadline specified in the Utah Federal Court's Minute Entry to assert this objection, thus precluding Novell from easily re-designating CA for deposition by February 9th (assuming Novell was required to do so—which it was not).

Novell responded to CA's objections on February 16, 2007. (2/16/07 Letter from Heather M. Sneddon to Adam T. Bernstein, Sneddon Decl. Ex. 9.) Having complied with CA's demand by re-issuing the Original Subpoena to change the deposition location to the hotel located across the street from CA's headquarters, Novell's counsel indicated that CA's objection to the Original Subpoena based upon the deposition location now appeared to have been made

> solely to delay Novell's efforts in subpoenaing Computer Associates so that you could then raise an objection based upon the [Utah Federal] Court's orders concerning the deadlines for discovery. Because Computer Associates had already been subpoenaed consistent with the Court's October 24, 2006 Order and designated for deposition, however, the [Re-Issued Subpoena], issued solely to satisfy your complaints about the location of the deposition, is clearly in compliance with the Court's orders regarding discovery. Moreover, the opposing party in the litigation, The SCO Group, Inc., has not objected to the original or the re-issued subpoena.

(*See id.* at 1-2.) Novell's counsel likewise informed CA that CA did not have standing to object to the Re-Issued Subpoena based upon the Utah Federal Court's discovery orders, as CA was not a party to the underlying litigation nor was it a party to the Court's orders. (*See id.* at 2.) Further, the grounds listed in Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure under which a subpoena may be quashed do not include an allegation that the subpoena does not comply with applicable discovery deadlines. (*See id.*)

CA responded to Novell's February 16th letter on February 23, 2007, standing by the procedural objections that it asserted in its February 12th letter. (*See* 2/23/07 Letter from Adam T. Bernstein to Heather M. Sneddon ("2/23/07 CA Objection"), Sneddon Decl. Ex. 10.) CA asserted no objections to the document requests or deposition topics contained in the Re-Issued Subpoena. (*See id.*)

On March 1, 2007, presumably after having conferred with CA, SCO then asserted a belated procedural objection to the Re-Issued Subpoena "to the extent it would permit Novell to exceed the number of additional depositions permitted by the Court's minute order of January 25, 2007," thus parroting the February 12, 2007 objection asserted by CA. (*See* 3/01/07 Letter from Edward J. Normand to Kenneth W. Brakebill ("3/01/07 SCO Objection"), Sneddon Decl. Ex. 11.)

Nevertheless, Novell and SCO entered into a Stipulation Re Scheduling on March 2, 2007 (*see* 3/02/07 Stipulation Re Scheduling, Sneddon Decl. Ex. 12), which the Utah Federal Court entered as an Order Re Scheduling three days later (*see* 3/05/07 Order Re Scheduling, Sneddon Decl. Ex. 13). The Order Re Scheduling provides in pertinent part:

> **All currently noticed depositions shall be completed by March 30, 2007. Any documents subpoenaed from currently-noticed third-party deponents shall be produced in advance of their respective depositions.**

(*See id.* (emphasis added).) Novell forwarded the Order Re Scheduling to CA's counsel on March 8, 2007, as the Order resolved all of the objections to the Re-Issued Subpoena stated in CA's February 12, 2007 letter. (*See* 3/08/07 Letter from Heather M. Sneddon to Adam T. Bernstein, Sneddon Decl. Ex. 14.) Indeed, notwithstanding the Utah Federal Court's March 5, 2007 Order, Novell and SCO are in the process of scheduling certain previously-noticed depositions in April 2007. (Sneddon Decl. ¶ 22.)

After consulting with SCO's attorneys, CA responded on March 14, 2007. (*See* 3/14/07 Letter from Adam T. Bernstein to Heather M. Sneddon ("3/14/07 CA Objection"), Sneddon Decl. Ex. 15.) Despite the fact that CA is not a party to the underlying litigation or to Novell and SCO's Stipulation that preceded the Utah Federal Court's March 5, 2007 Order, CA claims that the March 5, 2007 Order "does not appear to alter" the Court's previous orders concerning discovery, but instead "appears to simply extend the previous deadline of March 2, 2007 for completing properly noticed depositions (set in the Order of January 25, 2007) to March 30, 2007." (*See id.* at 1.) Incredibly, CA, which had waived all substantive objections to the Re-Issued Subpoena by failing to assert them previously, made a belated attempt to assert yet *another* round of objections to the Re-Issued Subpoena in its March 14th letter, directed specifically toward Novell's production requests. (*See id.* at 1-3.)

As of the filing of this motion, CA has failed and refused to produce any of the documents requested in the Re-Issued Subpoena, and refuses to appear for a deposition unless Novell "confirms" CA's misreading of the Utah Federal Court's scheduling orders.

## ARGUMENT

### COMPUTER ASSOCIATES SHOULD BE COMPELLED TO COMPLY WITH NOVELL'S RE-ISSUED SUBPOENA

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, the Court should enter an Order compelling CA's compliance with the Re-Issued Subpoena because (1) the Re-Issued Subpoena was properly noticed, issued and served under the Utah Federal Court's local rules and Rule 45 of the Federal Rules of Civil Procedure, (2) CA's objections to the Re-Issued Subpoena are contrary to applicable law and the scheduling orders entered by the Utah Federal Court, (3) the Re-Issued Subpoena imposes no undue burden or hardship upon CA, and (4) SCO's belated objection to the Re-Issued Subpoena is both untimely and improper.

**I.    The Re-Issued Subpoena Was Properly Noticed, Issued and Served.**

Novell provided SCO with written notice of its intent to serve CA with a subpoena on January 10, 2007, and CA was served with the Original Subpoena on January 18, 2007. Thus, neither SCO nor CA can dispute that they were on notice, no later than January 18, 2007, of Novell's intent to seek documents and deposition testimony from CA. The only reason that Novell served CA with the Re-Issued Subpoena was to meet CA's demands that the location for the deposition be changed. None of the substantive document requests or deposition topics was altered, and neither CA nor SCO has asserted any objection claiming that Novell's Re-Issued Subpoena was improperly issued from the Eastern District of New York, or improperly served upon CA under Rule 45 of the Federal Rules of Civil Procedure. Accordingly, the Re-Issued Subpoena is valid and should be enforced.

**II.    Computer Associates' Objections to the Re-Issued Subpoena Are Contrary to Applicable Law and the Utah Federal Court's Scheduling Orders.**

CA's initial objections to the Re-Issued Subpoena were centered on the scheduling orders entered by the Utah Federal Court in the underlying litigation. It was only upon learning that Novell intended to file a motion to compel several weeks later that CA attempted to assert a new set of objections to the specific document requests contained in the Re-Issued Subpoena. All of CA's objections, however, are contrary to applicable law and the Utah Federal Court's scheduling orders.

**A.    Computer Associates does not have standing to object to the Re-Issued Subpoena based upon orders entered by the Utah Federal Court.**

As a non-party to the underlying litigation, CA does not have standing to object to the Re-Issued Subpoena based upon the Utah Federal Court's scheduling orders. CA is not a party to the case, nor is it a party to the Utah Federal Court's orders. It does not stand to be affected by the outcome of the underlying litigation and, therefore, has no right to seek relief under any order entered by the Utah Federal Court. *See Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979) (Refusing to give a non-party the right to seek review of a judicial order; a non-party may not "insinuate itself into a private civil lawsuit between others.")  Accordingly, CA's February 12, 2007 and March 14, 2007 objections to the Re-Issued Subpoena based upon the Utah Federal Court's scheduling orders of October 24, 2006 and January 25, 2007, should be disregarded.[4]

**B.    Contrary to Computer Associates' assertions, the Re-Issued Subpoena complies with all of the Utah Federal Court's scheduling orders.**

Even if CA as a non-party has standing to object to the Re-Issued Subpoena based upon the Utah Federal Court's scheduling orders, the objection would still fail because the Re-Issued Subpoena complies with those orders.

Consistent with the Utah Federal District Court's October 24, 2006 Order, specifying a fact discovery deadline of February 1, 2007, Novell sent written notice to SCO of several third-party subpoenas, including the Original Subpoena to CA, on January 10, 2007, which was several weeks before the then-close of discovery. (1/10/07 Notice of Third-Party Subpoenas, Sneddon Decl. Ex. 1.) SCO made no objection to the Original Subpoena within the timeframe specified in DUCivR 45-1 of the Utah Federal Court's local rules, or Rule 45 of the Federal

---

[4]    Indeed, the grounds listed in Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure under which a subpoena may be quashed do not include an allegation that the subpoena does not comply with the applicable discovery deadlines. *See* Fed. R. Civ. P. 45(c)(3)(A).

Rules of Civil Procedure. On February 2, 2007, SCO was then served with written notice of the Re-Issued Subpoena to CA (*see id.*, Ex. 5), which is *exactly the same* as the Original Subpoena except for the deposition location and the compliance dates.

On March 2, 2007, Novell and SCO stipulated to the entry of an Order Re Scheduling, extending the deadlines in the Utah Federal Court's October 24, 2006 and January 25, 2007 scheduling orders for the parties to complete currently-noticed depositions, and for documents to be produced from currently-noticed third-party deponents. (3/2/07 Stipulation Re Scheduling, Sneddon Decl. Ex. 12.) The Utah Federal Court entered the Order Re Scheduling on March 5, 2007, which provides in pertinent part:

> **All currently noticed depositions shall be completed by March 30, 2007. Any documents subpoenaed from currently-noticed third-party deponents shall be produced in advance of their respective depositions.**

(3/5/07 Order Re Scheduling, Sneddon Decl. Ex. 13 (emphasis added).) Because CA's deposition was noticed both on January 10, 2007 and February 2, 2007, CA's deposition falls under the category of "currently noticed" depositions in the Utah Federal Court's Order Re Scheduling. Accordingly, the Utah Federal Court's scheduling orders do not provide CA with a basis to refuse complying with the Re-Issued Subpoena.[5] Moreover, Novell and SCO are in the process of scheduling previously-noticed depositions in April 2007. (Sneddon Decl. ¶ 22.)

### C.   All other objections raised by Computer Associates to the Re-Issued Subpoena are untimely and have been waived.

CA's attempt on March 14, 2007 to assert new objections to the specific document requests contained in the February 2, 2007 Re-Issued Subpoena is untimely and entirely

---

[5]   Even if the Court determines that Novell's Re-Issued Subpoena did not technically meet the requirements of the Utah Federal Court's scheduling orders (which Novell vigorously disputes), Novell's motion should not be denied because Novell has acted in good faith in trying to obtain relevant discovery from CA and was only required to re-issue the Original Subpoena because CA objected to the deposition location. *See, e.g., Anderson v. Bungee Int'l Mfg. Corp.*, 1999 WL 219904, at *2 (S.D.N.Y. Apr. 14, 1999) (suggesting that subpoenas issued after expiration of discovery may be permitted upon showing of good cause); *Zipes v. Abraham*, 1992 WL 328894, at *2 (E.D. Pa. Oct. 26, 1992) (denying motion for protective order based on defendants' failure to meet the discovery deadline when defendants acted in good faith and offered a reasonable justification for such failure).

improper. Any objections not asserted in CA's first response to Novell's Re-Issued Subpoena have been waived. Thus, the Court should disregard CA's new and belated objections to the production requests in the Re-Issued Subpoena.

Rule 45(c)(2)(B) expressly requires a subpoenaed party to serve written objections to a subpoena commanding the production of documents "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service." Fed. R. Civ. P. 45(c)(2)(B). Indeed, the Second Circuit has specifically held that "Rule 45 contemplates assertion of *all* objections to document production within fourteen days," *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (emphasis added), and that the recipient of a subpoena must "raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" *Id.* (citing *United States v. Bryan*, 339 U.S. 323, 331 (1950)).[6] The failure to timely object to a subpoena "typically constitutes a waiver of any objections." *Rouson v. Eicoff*, 2006 WL 2927161, at *3 (E.D.N.Y. Oct. 11, 2006) (citing *DG Acquisition*, 151 F.3d at 81).

CA cannot dispute that it was served with the Re-Issued Subpoena on February 2, 2007, and that it did not raise *any* specific objections to the particular document requests in the Re-Issued Subpoena until March 14, 2007, *well after* the 14-day deadline of February 16th, imposed by Federal Rule of Civil Procedure 45(c)(2)(B), *and* the production deadline of February 21st. (*See* 2/02/07 Re-Issued Subpoena, Sneddon Decl. Ex. 4; 3/14/07 CA Objection, Sneddon Decl.

---

[6]    In the words of the U.S. Supreme Court,

> [P]ersons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest in the orderly operation of legislative and judicial machinery. *A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity.* We have often iterated the importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned.

*Bryan*, 339 U.S. at 331 (emphasis added).

15.) Indeed, the document requests are exactly the same as those contained in the Original Subpoena served on CA on January 18, 2007, to which CA asserted no objection. (*See* 1/18/07 Original Subpoena, Sneddon Decl. Ex. 2.) CA should not be permitted to assert a continuous string of objections to the Re-Issued Subpoena, thwarting Novell's ability to obtain relevant discovery from CA. CA has waived any objections to the document requests in the Re-Issued Subpoena that were not asserted in its February 12, 2007 letter, and the Court should disregard CA's attempt to assert a new round of objections over a month later.

### D.    The Re-Issued Subpoena imposes no undue burden or hardship on Computer Associates.

Significantly, aside from untimely, blanket objections to Novell's document requests, CA has made no claim that complying with the Re-Issued Subpoena would be unreasonable or oppressive, or would impose an undue burden or hardship upon CA under Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, such that CA should be relieved of its compliance obligations. To the contrary, the Re-Issued Subpoena is narrowly tailored to relevant issues and documents in the underlying litigation, CA has been given more than ample time to comply,[7] and CA is only required to travel across the street from its headquarters to appear for deposition. Accordingly, the Re-Issued Subpoena should be enforced by this Court.

### III.    SCO's Objection to the Re-Issued Subpoena Is Untimely and Improper.

The Court should similarly reject SCO's objection to the Re-Issued Subpoena, as it was not asserted until well after the dates for compliance specified in the subpoena. Even if SCO's objection was timely, SCO does not have standing to object to a subpoena on behalf of a non-party absent a claim of privilege, SCO has asserted no claim of privilege with respect to the Re-Issued Subpoena, and SCO's objection is contrary to the Utah Federal Court's March 5, 2007

---

[7]    On January 18, 2007, CA was served with the Original Subpoena, which was exactly the same as the Re-Issued Subpoena except for the location for the deposition and the compliance dates.

Order Re Scheduling.

As set forth above, Rule 45 requires that all objections to a subpoena commanding the production of documents be asserted no later than fourteen days after service of the subpoena. Fed. R. Civ. P. 45(c)(2)(B); *see DG Acquisition*, 151 F.3d at 81. It is similarly reasonable to assume that all written objections to a subpoena commanding appearance at a deposition must be made *before* the scheduled date of the deposition. *See, e.g., Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (noting that in the absence of a definition of 'timely' in Rule 45(c)(3)(A), "it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition.") Although SCO received notice of the Original Subpoena to CA on January 10, 2007, commanding CA to produce documents and appear for a deposition, SCO did not assert any objection to the Original Subpoena. On February 2, 2007, Novell served SCO with written notice of the Re-Issued Subpoena, which was exactly the same as the Original Subpoena except for the location of the deposition and the compliance dates. SCO did not assert any objection to the Re-Issued Subpoena until 27 days later, *well after* the deadlines for CA to produce documents and to appear for deposition as specified in the Re-Issued Subpoena. Thus, SCO's objection is untimely and should be disregarded by the Court. *See United States v. International Bus. Mach. Corp.*, 70 F.R.D. 700, 701-02 (S.D.N.Y. 1976).

Even if SCO's objection could be considered timely, SCO does not have standing to assert an objection to the Re-Issued Subpoena absent a claim of privilege. *See, e.g., Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."). SCO's March 1, 2007 belated objection to the

Re-Issued Subpoena does not seek to protect any personal right or privilege held by SCO and, therefore, should not be considered by the Court.

Finally, as with CA's procedural objections, SCO's objection is expressly contrary to the Utah Federal Court's March 5, 2007 Order Re Scheduling giving the parties until March 30, 2007 to complete "currently noticed depositions," which would include the deposition of CA. Accordingly, SCO's objection is improper and should be disregarded.

## CONCLUSION

For the foregoing reasons, Novell, Inc. respectfully requests that the Court enter an order compelling Computer Associates International to comply with the Re-Issued Subpoena by producing responsive documents within ten calendar days of the Court's Order, and appearing for deposition within ten calendar days following the production of documents, at a mutually convenient time and location.

Dated: New York, New York
       March 30, 2007

MORRISON & FOERSTER LLP

Craig B. Whitney (CW-4257)
1290 Avenue of the Americas
New York, New York 10104-0012
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Novell, Inc.