FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 30 2007    ★

BROOKLYN OFFICE

Craig B. Whitney (CW-4257)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

Attorneys for Novell, Inc.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK



MISC 07 -137

THE SCO GROUP, INC., a Delaware
corporation,

        Plaintiff and Counterclaim-Defendant,

        -against-

NOVELL, INC., a Delaware corporation,

        Defendant and Counterclaim-Plaintiff.

Case No. _____

Case No. 2:04cv00139 (pending in U.S.
District Court, District of Utah)

VITALIANO, J

### DECLARATION OF HEATHER M. SNEDDON IN SUPPORT OF NOVELL, INC.'S MOTION TO COMPEL COMPUTER ASSOCIATES INTERNATIONAL'S COMPLIANCE WITH SUBPOENA

ny-745289

Dockets.Justia.com

Heather M. Sneddon, under penalty of perjury, declares the following:

1.   I submit this declaration in support of Novell, Inc.'s Motion to Compel Computer Associates International's Compliance With Subpoena.  The statements made herein are based on my personal knowledge.

2.   I am an attorney duly licensed to practice law in the State of Utah and an associate in the law firm of Anderson & Karrenberg, P.C., counsel of record for Defendant and Counterclaim Plaintiff Novell, Inc. ("Novell") in *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04cv00139 (the "Litigation"), pending in the United States District Court for the District of Utah (the "Utah Federal Court").

3.   Attached hereto as Exhibit 1 is a true and correct copy of the Notice of Third-Party Subpoenas, including a copy of the subpoena that Novell intended to serve upon Computer Associates International ("CA"), which Novell served upon SCO via hand delivery on January 10, 2007.

4.   Novell did not receive any objection from SCO to the CA subpoena prior to January 18, 2007, the date upon which Novell intended to serve the subpoena on CA.

5.   Attached hereto as Exhibit 2 is a true and correct copy of the CA subpoena, which was served upon CA on January 18, 2007 (the "Original Subpoena").

6.   On January 30, 2007, I contacted Adam T. Bernstein, counsel for CA, to determine whether CA intended to comply with the subpoena.

7.   During our conversation, Mr. Bernstein informed me that he had already prepared a written objection to the Original Subpoena based upon the location specified for CA's deposition. Attached hereto as Exhibit 3 is a true and correct copy of the letter that I subsequently received from Mr. Bernstein, dated January 30, 2007.

8.    Mr. Bernstein was unwilling to informally agree to move the deposition to a more convenient location for CA, and instead insisted that Novell re-issue and serve a new subpoena upon CA with a new deposition location.

9.    Later that day, I contacted Edward J. Normand, counsel for SCO, to inform him of CA's objection to the Original Subpoena and of Novell's intention to re-issue a new subpoena. Mr. Normand did not express any objection to Novell re-issuing a new subpoena to CA.

10.    Attached hereto as Exhibit 4 is a true and correct copy of the subpoena served upon CA on February 2, 2007 (the "Re-Issued Subpoena").

11.    Attached hereto as Exhibit 5 is a true and correct copy of the letter that I sent to Mr. Normand on February 2, 2007.

12.    Attached hereto as Exhibit 6 is a true and correct copy of the letter I received from Mr. Bernstein, dated February 12, 2007.

13.    Attached hereto as Exhibit 7 is a true and correct copy of the Order entered by the Utah Federal Court in the Litigation on October 24, 2006.

14.    Attached hereto as Exhibit 8 is a true and correct copy of the Minute Entry entered by the Utah Federal Court in the Litigation on January 25, 2007.

15.    Attached hereto as Exhibit 9 is a true and correct copy of the letter I sent to Mr. Bernstein on February 16, 2007.

16.    Attached hereto as Exhibit 10 is a true and correct copy of the letter that I received from Mr. Bernstein, dated February 23, 2007.

17.    Attached hereto as Exhibit 11 is a true and correct copy of the letter from Mr. Normand to Kenneth W. Brakebill, counsel for Novell, dated March 1, 2007.

18.    Attached hereto as Exhibit 12 is a true and correct copy of the Stipulation Re Scheduling signed by counsel for Novell and SCO in the Litigation, and filed with the Utah Federal Court on March 2, 2007.

19.    Attached hereto as Exhibit 13 is a true and correct copy of the Order Re Scheduling entered by the Utah Federal Court in the Litigation on March 5, 2007.

20.    Attached hereto as Exhibit 14 is a true and correct copy of the letter I sent to Mr. Bernstein on March 8, 2007.

21.    Attached hereto as Exhibit 15 is a true and correct copy of the letter that I received from Mr. Bernstein, dated March 14, 2007.

22.    Counsel for Novell and SCO are currently in the process of scheduling certain previously-noticed depositions in April 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _30th_ day of March, 2007, in Salt Lake City, Utah.

Heather M. Sneddon



MORRISON & FOERSTER LLP
Michael A. Jacobs (admitted pro hac vice)
Kenneth W. Brakebill (admitted pro hac vice)
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT  84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Novell, Inc.**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>      Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>      Defendant and Counterclaim-Plaintiff. | **NOVELL, INC.'S NOTICE OF THIRD PARTY SUBPOENAS**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball<br>Magistrate Judge Brook C. Wells |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that, in accordance with Rules 30 and 45 of the Federal Rules of Civil

Procedure, Novell, Inc. ("Novell") intends to serve subpoenas on the following, seeking the

production of documents on February 1, 2007, at 9:30 a.m.:

1

CDM Development Corporation

Computer Associates International

Cymphonix

DTR Business Systems, Inc.

Everyones Internet, Ltd.

Furniture Brands International, Inc.

Hewlett-Packard Company

Kellogg Company

Leggett & Platt, Inc.

Questar Corporation

Seneca Data Distributors, Inc.

Copies of the subpoenas are attached to this notice. The subpoenas will be served January 18, 2007.

DATED: January 10, 2007

ANDERSON & KARRENBERG

Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon

-and-

MORRISON & FOERSTER LLP
Michael A. Jacobs
Kenneth W. Brakebill

**Attorneys for Novell, Inc.**

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2007, I caused a true and correct

copy of **NOVELL, INC.'S NOTICE OF THIRD PARTY SUBPOENAS** to be served to the

following:

*Via Hand-Delivery:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

*Via U.S. Mail:*

Stuart H. Singer
William T. Dzurilla
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

Edward J. Normand
Robert Silver
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Mark J. Heise
Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Scott E. Gant
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, D.C. 20015

3

Issued by the

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

The SCO Group, Inc.

**SUBPOENA IN A CIVIL CASE**

v.

Novell, Inc.

Case No. 2:04-cv-00139
(pending in District of Utah)

TO:   COMPUTER ASSOCIATES INTERNATIONAL
    c/o Prentice-Hall Corp. System Inc., Registered Agent
    80 State Street
    Albany, NY 12207

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case before a certified shorthand reporter, authorized to administer oaths. The deposition will continue from day-to-day until completed.

| PLACE OF DEPOSITION<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, New York 10104-0050 | DATE AND TIME<br>February 1, 2007 @ 9:30 a.m. |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A for Documents Requested, and text of Federal Rule of Civil Procedure 45, parts C & D.

| PLACE<br>Anderson & Karrenberg, P.C.<br>50 West Broadway, Suite 700<br>Salt Lake City, Utah 84101 | DATE AND TIME<br>February 1, 2007 @ 9:30 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

| ISSUE OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*      Attorney for Novell, Inc., Utah Bar No. 9520 | January 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
(801) 534-1700

AO 88(Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

**EXHIBIT A**

## INSTRUCTIONS AND DEFINITIONS

1.  This subpoena requires you to produce all responsive documents in your custody or control. Please produce such documents in their entirety, as they are kept in the ordinary course of business.

2.  This subpoena also requires you to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below under "Topics of Deposition." It is hereby requested that you give prompt notification in writing to the undersigned as to the name, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. The deposition will be recorded by stenographic means and videotape.

3.  As used below, "concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, supporting, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

4.  "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. Please produce any responsive electronically stored information on CD-ROM in a readily readable form, in its native application format, with all metadata included.

5.  "You," "Your," and "Computer Associates" refer to Computer Associates International, and all of its affiliates, subsidiaries, and agents.

6.  "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest (including, but not limited to, Santa Cruz Operation, Inc., Caldera Systems, Inc., and Caldera International, Inc.), and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

7.  "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 2005, and any amendments and schedules thereto.

## DOCUMENTS TO BE PRODUCED

You are instructed to produce the following documents at the time and place specified in the subpoena:

### REQUEST NO 1:

All documents concerning the Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, all drafts of this agreement and your communications and negotiations with SCO concerning this agreement.

### REQUEST NO 2:

All documents concerning all agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles: "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, all drafts of these agreements and your communications with SCO concerning these agreements.

### REQUEST NO 3:

All documents concerning all agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, all drafts of these agreements and your communications and negotiations with SCO concerning these agreements.

### REQUEST NO 4:

All documents concerning your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

### REQUEST NO 5:

All documents in the files of the following persons relating to the agreements referred to in Request Nos. 1-3 above: Sam Greenblatt.

### REQUEST NO 6:

All documents relating to any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

**REQUEST NO 7:**

All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

**REQUEST NO 8:**

All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

**REQUEST NO 9:**

All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

**REQUEST NO 10:**

All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

## TOPICS OF DEPOSITION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are hereby directed, to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below:

1.     The Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, your communications and negotiations with SCO concerning this agreement

2.     All agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles: "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, your communications with SCO concerning these agreements.

3.     All agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, your communications and negotiations with SCO concerning these agreements.

4.    All of your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

5.    Any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

6.    All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

7.    All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

8.    All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

9.    All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

## RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may

order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

Issued by the

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

The SCO Group, Inc.

**SUBPOENA IN A CIVIL CASE**

v.

Novell, Inc.

Case No. 2:04-cv-00139
(pending in District of Utah)

TO:   COMPUTER ASSOCIATES INTERNATIONAL
c/o Prentice-Hall Corp. System Inc., Registered Agent
80 State Street
Albany, NY 12207

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case before a certified shorthand reporter, authorized to administer oaths. The deposition will continue from day-to-day until completed.

| PLACE OF DEPOSITION<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, New York  10104-0050 | DATE AND TIME<br>February 1, 2007 @ 9:30 a.m. |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A for Documents Requested, and text of Federal Rule of Civil Procedure 45, parts C & D.

| PLACE<br>Anderson & Karrenberg, P.C.<br>50 West Broadway, Suite 700<br>Salt Lake City, Utah  84101 | DATE AND TIME<br>February 1, 2007 @ 9:30 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

| ISSUE OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*  Attorney for Novell, Inc., Utah Bar No. 9520 | DATE<br><br>January 10, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah  84101
(801) 534-1700

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

1. This subpoena requires you to produce all responsive documents in your custody or control. Please produce such documents in their entirety, as they are kept in the ordinary course of business.

2. This subpoena also requires you to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below under "Topics of Deposition." It is hereby requested that you give prompt notification in writing to the undersigned as to the name, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. The deposition will be recorded by stenographic means and videotape.

3. As used below, "concerning" means, without limitation: comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, supporting, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

4. "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. Please produce any responsive electronically stored information on CD-ROM in a readily readable form, in its native application format, with all metadata included.

5. "You," "Your," and "Computer Associates" refer to Computer Associates International, and all of its affiliates, subsidiaries, and agents.

6. "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest (including, but not limited to, Santa Cruz Operation, Inc., Caldera Systems, Inc., and Caldera International, Inc.), and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

7. "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 2005, and any amendments and schedules thereto.

## DOCUMENTS TO BE PRODUCED

You are instructed to produce the following documents at the time and place specified in the subpoena:

### REQUEST NO 1:

All documents concerning the Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, all drafts of this agreement and your communications and negotiations with SCO concerning this agreement.

### REQUEST NO 2:

All documents concerning all agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles: "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, all drafts of these agreements and your communications with SCO concerning these agreements.

### REQUEST NO 3:

All documents concerning all agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, all drafts of these agreements and your communications and negotiations with SCO concerning these agreements.

### REQUEST NO 4:

All documents concerning your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

### REQUEST NO 5:

All documents in the files of the following persons relating to the agreements referred to in Request Nos. 1-3 above: Sam Greenblatt.

### REQUEST NO 6:

All documents relating to any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

**REQUEST NO 7:**

All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

**REQUEST NO 8:**

All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

**REQUEST NO 9:**

All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

**REQUEST NO 10:**

All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

**TOPICS OF DEPOSITION**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are hereby directed, to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below:

1.    The Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, your communications and negotiations with SCO concerning this agreement

2.    All agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles:   "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, your communications with SCO concerning these agreements.

3.    All agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, your communications and negotiations with SCO concerning these agreements.

4.      All of your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

5.      Any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

6.      All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

7.      All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

8.      All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

9.      All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

## RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may

order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

| *Attorney or Party without Attorney:*<br>Heather M. Sneddon, Esq., Bar #9520<br>Anderson & Karrenberg, P.C.<br>50 West Broadway, Suite 700<br>Salt Lake City, UT  84101<br>*Telephone No:* 801-534-1700     *FAX No:* 801-364-7697 | | *For Court Use Only* |
|---|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States District Court · Eastern District Of New York | | |
| *Plaintiff:* The SCO Group, Inc.<br>*Defendant:* Novell, Inc. | | |

| **AFFIDAVIT OF SERVICE** | *Hearing Date:*<br>Thu, Feb. 01, 2007 | *Time:*<br>9:30AM | *Dept/Div:* | *Case Number:*<br>204CV00139 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena In A Civil Case

3. a. *Party served:*                          Computer Associates International
   b. *Person served:*                         Nikki Chapple, Person Authorized To Accept Service

4. *Address where the party was served:*       Prentice-Hall Corp. System Inc.
                                               80 State Street
                                               Albany, NY 12207

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jan. 18, 2007 (2) at: 1:22PM
   b. I received this subpena for service on:     Wednesday, January 17, 2007

6. Witness fees were not demanded or paid.

7. *Person Who Served Papers:*                          *Fee for Service:*
   a. Michael Alvaro                                    I Declare under penalty of perjury under the laws of the State of

                                                        New York that the foregoing is true and correct.

1ST Nationwide Legal Service
501 12th Street
Sacramento Ca, 95614

Voice: 916.649.6920
FAX: 916.649.2991

1/29/07
*(Date)*                          *(Signature)*

8. *SUBSCRIBED AND SWORN to me, a Notary Public in and for said County and State.*          1/29/07

My Commission Expires_____
                      *(Date)*

AFFIDAVIT OF SERVICE                              *(Notary Public)*          *hetne.53471*

GARY T. SMITH
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01SM5050859
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES DECEMBER 28, 2009

One CA Plaza
Islandia, NY 11749
tel: +1 631 342-2630
fax: +1 631 342-6550
adam.bernstein@ca.com

**ADAM BERNSTEIN**
V.P. & Senior Counsel



January 30, 2007

**VIA OVERNIGHT MAIL**

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
(801)534-1700

> Re:   The SCO Group, Inc. v. Novell, Inc.
>          <u>Case No. 2:04-cv-00139</u>

Dear Ms. Sneddon:

We have received your subpoena in the above-referenced litigation.

As I am sure you are aware, CA's headquarters are located in Islandia, NY, within the Eastern District of New York (the court from which your subpoena was issued). However, the underlying deposition was noticed for the offices of Morrison & Foerster, at 1290 Avenue of the Americas, New York, New York, which is located within the jurisdiction of the Southern District of New York.

Rule 45(a)(2)(B), Fed.R.Civ.P., requires that a subpoena for attendance at a deposition <u>must</u> be issued from the court for the district where the deposition is to be taken. Thus, your subpoena has not been served in compliance with the Federal Rules of Civil Procedure.

Sincerely,

Adam T. Bernstein



Issued by the

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**DOCKETED**
2-5-07 PP

The SCO Group, Inc.

**SUBPOENA IN A CIVIL CASE**

v.

Novell, Inc.

Case No. 2:04-cv-00139
(pending in District of Utah)

TO:   COMPUTER ASSOCIATES INTERNATIONAL
c/o Prentice-Hall Corp. System Inc., Registered Agent
80 State Street
Albany, NY  12207

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case before a certified shorthand reporter, authorized to administer oaths. The deposition will continue from day-to-day until completed.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hyatt Regency Wind Watch<br>1717 Motor Parkway<br>Hauppauge, New York  11788 | February 28, 2007 @ 9:30 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A for Documents Requested, and text of Federal Rule of Civil Procedure 45, parts C & D.

| PLACE | DATE AND TIME |
|---|---|
| Anderson & Karrenberg, P.C.<br>50 West Broadway, Suite 700<br>Salt Lake City, Utah  84101 | February 21, 2007 @ 9:30 a.m. |

☐  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

| ISSUE OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_   Attorney for Novell, Inc., Utah Bar No. 9520 | February 1, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah  84101
(801) 534-1700

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

1.    This subpoena requires you to produce all responsive documents in your custody or control. Please produce such documents in their entirety, as they are kept in the ordinary course of business.

2.    This subpoena also requires you to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below under "Topics of Deposition." It is hereby requested that you give prompt notification in writing to the undersigned as to the name, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify. The deposition will be recorded by stenographic means and videotape.

3.    As used below, "concerning" means, without limitation:  comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, supporting, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

4.    "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. Please produce any responsive electronically stored information on CD-ROM in a readily readable form, in its native application format, with all metadata included.

5.    "You," "Your," and "Computer Associates" refer to Computer Associates International, and all of its affiliates, subsidiaries, and agents.

6.    "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest (including, but not limited to, Santa Cruz Operation, Inc., Caldera Systems, Inc., and Caldera International, Inc.), and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

7.    "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 2005, and any amendments and schedules thereto.

## DOCUMENTS TO BE PRODUCED

You are instructed to produce the following documents at the time and place specified in the subpoena:

### REQUEST NO 1:

All documents concerning the Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, all drafts of this agreement and your communications and negotiations with SCO concerning this agreement.

### REQUEST NO 2:

All documents concerning all agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles: "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, all drafts of these agreements and your communications with SCO concerning these agreements.

### REQUEST NO 3:

All documents concerning all agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, all drafts of these agreements and your communications and negotiations with SCO concerning these agreements.

### REQUEST NO 4:

All documents concerning your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

### REQUEST NO 5:

All documents in the files of the following persons relating to the agreements referred to in Request Nos. 1-3 above: Sam Greenblatt.

### REQUEST NO 6:

All documents relating to any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

### REQUEST NO 7:

All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

### REQUEST NO 8:

All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

### REQUEST NO 9:

All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

### REQUEST NO 10:

All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

### TOPICS OF DEPOSITION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are hereby directed, to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below:

1.    The Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, your communications and negotiations with SCO concerning this agreement

2.    All agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles:    "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, your communications with SCO concerning these agreements.

3.    All agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, your communications and negotiations with SCO concerning these agreements.

4.    All of your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

5.    Any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

6.    All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

7.    All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

8.    All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

9.    All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

## RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may

order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| DATE SERVED | FEbRUARY 2, 2007 @ 10:05 AM | PLACE 80 STATE STREET ALBANY, NY 12207 |

| | |
|---|---|
| SERVED ON (PRINT NAME) COMPUTER ASSOCIATES INTERNATIONAL | MANNER OF SERVICE BY PERSONAL SERVICE OF BONNIE TERRY, AUTHORIZED AGENT AT THE PRENTICE HALL Corporate SYSTEM, INC., REGISTERED AGENT |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___2/2/07___
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

**Michael Alvaro**
P.O. Box 4182
Albany, N.Y. 12204



LAW OFFICES

# ANDERSON & KARRENBERG

A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 CHASE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2035

TELEPHONE (801) 534-1700
FACSIMILE (801) 364-7697
www.aklawfirm.com

February 2, 2007

JOHN T. ANDERSON
FRANCIS J. CARNEY
PIERO RUFFINENGO
Of Counsel

*Via Facsimile & U.S. Mail*

Edward J. Normand
Boies, Schiller & Flexner, LLP
333 Main Street
Armonk, New York 10504

Re:    The SCO Group, Inc. v. Novell, Inc.

Dear Ted:

As I mentioned earlier this week, Novell, Inc. has re-issued a subpoena to Computer Associates International, which will be served upon its registered agent within the next few days. I have enclosed a copy of the re-issued subpoena for your records. Other than the date and location for the Rule 30(b)(6) deposition, and the date for production of documents, the re-issued subpoena is the same as the original one. You will note that the deposition has been re-noticed for February 28, 2007, but we will seek to accommodate the availability of counsel for SCO.

If you have any questions, feel free to give me or Ken Brakebill a call. Otherwise, I will let you know when we hear from Computer Associates in response to the subpoena.

Very truly yours,

Heather M. Sneddon

Enclosure

cc:    Thomas R. Karrenberg, Esq.
       John P. Mullen, Esq.
       Kenneth W. Brakebill, Esq.
       Brent O. Hatch, Esq.

Issued by the

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

The SCO Group, Inc.

```
DOCKETED
2-5-07 PP
```

**SUBPOENA IN A CIVIL CASE**

v.

Novell, Inc.

Case No. 2:04-cv-00139
(pending in District of Utah)

TO:   COMPUTER ASSOCIATES INTERNATIONAL
c/o Prentice-Hall Corp. System Inc., Registered Agent
80 State Street
Albany, NY 12207

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case before a certified shorthand reporter, authorized to administer oaths. The deposition will continue from day-to-day until completed.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hyatt Regency Wind Watch<br>1717 Motor Parkway<br>Hauppauge, New York  11788 | February 28, 2007 @ 9:30 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A for Documents Requested, and text of Federal Rule of Civil Procedure 45, parts C & D.

| PLACE | DATE AND TIME |
|---|---|
| Anderson & Karrenberg, P.C.<br>50 West Broadway, Suite 700<br>Salt Lake City, Utah  84101 | February 21, 2007 @ 9:30 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| ISSUE OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Heather M. Sneddon     Attorney for Novell, Inc., Utah Bar No. 9520 | February 1, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah  84101
(801) 534-1700

---

**PROOF OF SERVICE**

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|

| SERVED BY (PRINT NAME) | TITLE |
|------|-------|

---

**DECLARATION OF SERVER**

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## EXHIBIT A

### INSTRUCTIONS AND DEFINITIONS

1.      This subpoena requires you to produce all responsive documents in your custody or control.  Please produce such documents in their entirety, as they are kept in the ordinary course of business.

2.      This subpoena also requires you to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below under "Topics of Deposition."  It is hereby requested that you give prompt notification in writing to the undersigned as to the name, address, telephone number, capacity and job title of each person so designated to testify and matters on which the person will testify.  The deposition will be recorded by stenographic means and videotape.

3.      As used below, "concerning" means, without limitation:  comprising, alluding to, responding to, relating to, connected with, involving, commenting on, in respect of, about, discussing, evidencing, showing, supporting, describing, reflecting, analyzing, constituting, identifying, stating, or in any way touching upon.

4.      "Documents" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include any tangible thing upon which any expression, communication, or representation has been recorded, as well as all "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  Please produce any responsive electronically stored information on CD-ROM in a readily readable form, in its native application format, with all metadata included.

5.      "You," "Your," and "Computer Associates" refer to Computer Associates International, and all of its affiliates, subsidiaries, and agents.

6.      "SCO" means Plaintiff and Counter-Defendant The SCO Group, Inc. and (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest (including, but not limited to, Santa Cruz Operation, Inc., Caldera Systems, Inc., and Caldera International, Inc.), and any parent, subsidiary, and affiliated entities; (ii) any other person or entity acting on its behalf or on whose behalf it acted or has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of The SCO Group, Inc., including any predecessor or successor in interest or any parent, subsidiary, or affiliated entity, no matter how far removed from The SCO Group, Inc.

7.      "APA" means the Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 2005, and any amendments and schedules thereto.

## DOCUMENTS TO BE PRODUCED

You are instructed to produce the following documents at the time and place specified in the subpoena:

### REQUEST NO 1:

All documents concerning the Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, all drafts of this agreement and your communications and negotiations with SCO concerning this agreement.

### REQUEST NO 2:

All documents concerning all agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles: "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, all drafts of these agreements and your communications with SCO concerning these agreements.

### REQUEST NO 3:

All documents concerning all agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, all drafts of these agreements and your communications and negotiations with SCO concerning these agreements.

### REQUEST NO 4:

All documents concerning your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

### REQUEST NO 5:

All documents in the files of the following persons relating to the agreements referred to in Request Nos. 1-3 above: Sam Greenblatt.

### REQUEST NO 6:

All documents relating to any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

**REQUEST NO 7:**

All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

**REQUEST NO 8:**

All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

**REQUEST NO 9:**

All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

**REQUEST NO 10:**

All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

## TOPICS OF DEPOSITION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are hereby directed, to designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf and who are most knowledgeable and competent to testify concerning the matters known or reasonably available to you as they relate to the specific topics listed below:

1.    The Intellectual Compliance License for Linux entered into between you and SCO, including, but not limited to, your communications and negotiations with SCO concerning this agreement

2.    All agreements between you and SCO regarding UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, any and all license agreements and/or agreements with the following titles: "Intellectual Property Agreement," "Intellectual Property Compliance License for Linux," "Corporate Intellectual Property Agreement," "Intellectual Property License," "Business Cooperation Agreement," "Software License Agreement," and "System V for Linux," and including, but not limited to, your communications with SCO concerning these agreements.

3.    All agreements between you and SCO that release you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, and/or indemnify you from liability for infringement of SCO's purported rights related to UNIX, UnixWare, SCOSource and/or Linux, including, but not limited to, agreements with the following titles: "Release, License, and Option Agreement," "Linux Indemnification Agreement," and "Release," and including, but not limited to, your communications and negotiations with SCO concerning these agreements.

4.     All of your payments or other consideration provided to SCO attributable to the agreements referred to in Request Nos. 1-3 above.

5.     Any due diligence regarding SCO's and/or Novell's rights in UNIX and UnixWare performed by you in connection with the agreements referred to in Request Nos. 1-3 above or performed by you since the execution of the agreements referred to in Request Nos. 1-3 above.

6.     All communications between you and SCO concerning the ownership of UNIX copyrights and patents.

7.     All communications between you and any third party concerning the ownership of UNIX copyrights and patents and/or any of the agreements referred to in Request Nos. 1-3 above.

8.     All communications between you and SCO concerning the rights and obligations of SCO and/or Novell under the APA, including, but not limited to, rights concerning licensing of UNIX System V, rights concerning licensing of UnixWare, and rights concerning payment of royalties and fees under licenses to UNIX System V and/or UnixWare.

9.     All communications between you and SCO concerning *The SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-cv-00139, United States District Court for the District of Utah.

## RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may

order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | FEB/02 | 09:53AM | 19147498300 | 0:03:18 | 10 | OK | G3 | 0680 |

law offices

# ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN F. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 CHASE TOWER
50 West Broadway
Salt Lake City, Utah 84101-2035

Telephone: (801) 534-1700
Telecopier: (801) 364-7697

JOHN T. ANDERSON
FRANCIS J. CARNEY
PIERO RUFFINSNGO
Of Counsel

## FAX TRANSMITTAL SHEET

TO:        Edward J. Normand

FAX NO.:   914-749-8300

FROM:      Heather M. Sneddon

DATE:      February 2, 2007

RE:        The SCO Group, Inc. v. Novell, Inc.

PAGES:     10 including cover

Message — Please see the attached letter and Subpoena to Computer Associates International, Thanks!

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS DOCUMENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENTS TO US AT NO COST TO YOU.

DATE: February 2, 2007 SENT BY: Pamela P. Parmer

Islandia, NY 11749

F +1 631 342 4866
P +1 631 342 6550
ca.com

February 12, 2007                                    **fax**



to: Heather M. Sneddon
fax: 801-364-7697
from: Adam T. Bernstein
re: The SCO Group, Inc. v. Novell, Inc.
pages: 3

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

If transmission is illegible or you did not receive all pages, please call the sender.

One CA Plaza
Islandia, NY 11749
tel: +1 631 342-2630
fax: +1 631 342-6550
adam.bernstein@ca.com

ADAM BERNSTEIN
V.P. & Senior Counsel



February 12, 2007

**Via Facsimile -- Confirmation By Overnight Mail**

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
(801)534-1700

> Re: The SCO Group, Inc. v. Novell, Inc.
> Case No. 2:04-cv-00139

Dear Ms. Sneddon:

We have received your subpoena in the above-referenced litigation, as well as the documents you have forwarded to me by e-mail.

Based on the October 24, 2006 *Order* issued in your case, we understand the deadline for fact discovery to have been February 1, 2007. The *Minute Order* of January 25, 2007 allowed each side to designate: (a) 3 or 4 additional depositions by 1/29; and (b) one more deposition by 2/9/07 to be taken by 3/2/07.

a. Objections to Document Requests

We are not aware of any court-ordered extension or accommodation for document discovery beyond the discovery deadline of February 1, 2007. Thus, CA objects in full to all of Novell's document requests. CA reserves the right to interpose other objections to such document requests should they become necessary.

b. Objections to Deposition Request

As you know, Novell's reissued subpoena was served on February 2, 2007. Thus, it does not fall within the "designate 3 or 4 additional depositions by 1/29." Please confirm whether Novell has chosen its deposition of CA as the "one more deposition by 2/9/07" allowed for by the Court's January 25, 2007 *Minute Order*.

Further, as you and I have previously discussed by telephone, preliminary investigation has revealed that all of those individuals that may have had direct knowledge regarding one or

more of the noticed deposition topics are no longer employed by CA. Thus, it is our belief that the noticed deposition will be a waste of resources for both Novell and CA. In light of the above, please let me know if Novell still intends to pursue a Rule 30(b)(6) deposition of CA.

Sincerely,

Adam T. Bernstein

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

THE SCO GROUP, INC.,

        Plaintiff,

vs.

NOVELL, INC.,

        Defendant.

**ORDER**

Civil Case No.  2:04CV139DAK

---

This matter is before the court on The SCO Group, Inc.'s Motion for Expedited Stay or Continuance to Respond to Novell's Motion for Partial Summary Judgment or Preliminary Injunction and to Extend Fact Discovery.  Defendant Novell, Inc., filed an opposition to the motion and SCO informed the court that the motion could be submitted on the parties' written submissions.

SCO's motion asks the court to stay any briefing or hearing on Novell's Motion for Partial Summary Judgment or Preliminary Injunction until after the end of the trial in the *SCO v. IBM* litigation or, in the alternative, to grant SCO an extension of ninety days to file its opposition to Novell's motion.  SCO's motion also asks the court to grant it ninety days to respond to recent requests promulgated by Novell and to extend the fact discovery deadline currently set for November 1, 2006, for six months.

With respect to Novell's pending Motion for Partial Summary Judgment or Preliminary Injunction, the court believes that the motion should be considered with little delay.  Although

1

Novell's counterclaims were recently added, at least some discovery relevant to the motion has already occurred.  SCO does not identify the specific discovery it needs to respond to the motion and has not filed a formal motion under Federal Rule of Civil Procedure 56(f).  SCO asserts that Novell is not entitled to a preliminary injunction on the claims because they have delayed in asserting them.  Whether there has been a delay in asserting the claim, however, goes more to the propriety of granting the motion, not to whether it should be briefed and decided.

Furthermore, SCO's argument that it should not have to respond to Novell's motion while it is responding to the summary judgment motions and preparing for trial in the *SCO v. IBM* case is without merit.  SCO chose to bring both actions and plaintiffs are under an obligation to move their cases forward.  There is no basis for staying or continuing this case because of SCO's own litigation strategy.  And, in fact, the legal claims asserted in each case actually suggest that this case should be decided before the IBM case.  The court concludes, therefore, that there is no basis for significantly delaying the briefing or decision on Novell's pending motion.

The court does, however, recognize that SCO's response to Novell's motion has been delayed as a result of this motion to stay.  The court, therefore, grants SCO an extension to oppose Novell's motion until December 11, 2006.  Novell will then have until January 8, 2007 to file a reply in support of its motion, and the court will hold oral argument on the motion on January 23, 2007, at 3:00 p.m.

With respect to SCO's request for an extension of time for it to respond to Novell's recently propounded discovery and an extension of the fact discovery deadline, the court concludes that an extension is appropriate.  Novell claims that it will be prejudiced by an

2

extension of the fact discovery period. But answering additional discovery does not constitute

prejudice. Although the deadline has been in place for a year, both parties undoubtedly delayed

their discovery efforts during the pendency of Novell's motion to stay pending the SuSE

arbitration. Therefore, the court grants SCO sixty days from the date of this Order to respond to

Novell's current discovery requests and extends the fact discovery deadline to February 1, 2007.

Because the extension of the fact discovery deadline will impact the remaining pre-trial

and trial deadlines in this case, the existing deadlines and trial date are vacated. The court

requests that the parties submit a new scheduling order including pre-trial deadlines that are

consistent with a new dispositive motion deadline of March 14, 2007, and a new trial date of

September 17, 2007.

DATED this 24th day of October, 2007.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

3

## Heather Sneddon

| | |
|---|---|
| **From:** | utd_enotice@utd.uscourts.gov |
| **Sent:** | Friday, January 26, 2007 11:12 AM |
| **To:** | ecf_notice@utd.uscourts.gov |
| **Subject:** | Activity In Case 2:04-cv-00139-DAK-BCW SCO Grp v. Novell Inc Telephone Conference |

**This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, call the HelpDesk at (801) 524-3248.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### Electronic Case Filing System

### District of Utah

### Notice of Electronic Filing

The following transaction was entered on 1/26/2007 at 11:11 AM MST and filed on 1/25/2007

**Case Name:**      SCO Grp v. Novell Inc
**Case Number:**    2:04-cv-139
**Filer:**
**Document Number:** 229(No document attached)

**Docket Text:**
Minute Entry for proceedings held before Judge Dale A. Kimball : Telephone Conference held on 1/25/2007. After hearing from counsel, the court will allow each side to designate 3 or 4 additional depositions by 1/29, to be taken by 3/2/07. Each side will also be allowed to designate one more deposition by 2/9/07 to be taken by 3/2/07. Attorney for Plaintiff: Mark James, Edward Normand, Esq. Attorney for Defendant Ken Brakebill, Esq. Court Reporter: Kelly Hicken. (tab)

**2:04-cv-139 Notice has been electronically mailed to:**
Mark F James mjames@bjdlaw.com
Thomas R Karrenberg tkarrenberg@aklawfirm.com, ajackson@aklawfirm.com
Kevin P. McBride km@mcbride-law.com, hq@mcbride-law.com
John P. Mullen jmullen@aklawfirm.com
Brent O. Hatch bhatch@hjdlaw.com, brenthatch@gmail.com
Michael A. Jacobs mjacobs@mofo.com, cknisely@mofo.com
Heather M. Sneddon hsneddon@aklawfirm.com, pparmer@aklawfirm.com
Maame A.F. Ewusi-Mensah mewusimensah@mofo.com, mland@mofo.com
David E. Melaugh dmelaugh@mofo.com, cpeplinski@mofo.com
Edward J. Normand tnormand@bsfllp.com, ljohnson@bsfllp.com, tstrong@bsfllp.com
Stuart H. Singer ssinger@bsfllp.com
Kenneth W. Brakebill kbrakebill@mofo.com, mekas@mofo.com
John J. Brogan brogan.john@dorsey.com, arce.annette@dorsey.com
Devan V. Padmanabhan Padmanabhan.devan@dorsey.com, arce.annette@dorsey.com
William T. Dzurilla wdzurilla@bsfllp.com
Sashi Bach Boruchow sboruchow@bsfllp.com, kobrien@bsfllp.com, lfleischer@bsfllp.com

**2:04-cv-139 Notice has been delivered by other means to:**

Scott E. Gant
BOIES SCHILLER & FLEXNER (DC)
5301 WISCONSIN AVE NW
WASHINGTON, DC 20015

Paul Goldstein
559 NATHAN ABBOTT WY
STANFORD, CA 94305

Jim F Lundberg
NOVELL INC
LEGAL DEPARTMENT
1800 S NOVELL PLACE
PROVO, UT 84606

Stephen Neal Zack
BOIES SCHILLER & FLEXNER (FL)
100 SE 2ND ST STE 2800
MIAMI, FL 33131

3/29/2007

# ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 CHASE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2035

TELEPHONE (801) 534-1700
FACSIMILE (801) 364-7697
www.aklawfirm.com

JOHN T. ANDERSON
FRANCIS J. CARNEY
PIERO RUFFINENGO
Of Counsel

February 16, 2007

*Via Facsimile: 631.342.6550*
*and U.S. Mail*

Adam Bernstein
Vice President and Senior Counsel
CA, Inc.
One CA Plaza
Islandia, NY 11749

Re:    The SCO Group, Inc. v. Novell, Inc.

Dear Mr. Bernstein:

I am in receipt of your letter dated February 12, 2007, concerning Novell, Inc.'s subpoena served on Computer Associates International. Novell served the original subpoena on Computer Associates on January 18, 2007, setting the deposition of Computer Associates for February 1, 2007, and requiring the production of documents by that date. This subpoena was entirely consistent with the Utah Federal District Court's October 24, 2006 Order, which required the completion of fact discovery by February 1, 2007. You objected to that subpoena based solely on the location of the deposition, not on the content of the subpoena. In a gesture of cooperation, Novell re-issued the subpoena to notice the deposition for a location directly across the street from Computer Associates' headquarters.

After Novell complied with your request regarding the location of the deposition, you objected to the re-issued subpoena as untimely based upon the Court's scheduling orders and minute entries. The re-issued subpoena was exactly the same as the original subpoena, with the exception that the location for the deposition had been changed so that it could take place across the street from Computer Associates' headquarters, thus alleviating your sole objection to the original subpoena.

It now appears that your objection to the original subpoena was made solely to delay Novell's efforts in subpoenaing Computer Associates so that you could then raise an objection based upon the Court's orders concerning the deadlines for discovery. Because Computer Associates had already been subpoenaed consistent with the Court's October 24, 2006 Order and designated for deposition, however, the new subpoena, issued solely to satisfy your complaints

Adam Bernstein
February 16, 2007
Page 2 of 2

about the location of the deposition, is clearly in compliance with the Court's orders regarding discovery. Moreover, the opposing party in the litigation, The SCO Group, Inc., has not objected to the original or the re-issued subpoena.

Computer Associates does not have standing to object to the subpoena based upon the discovery deadlines. It is not a party to the case, nor is it a party to the Court's scheduling orders. In addition, the grounds listed in Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure under which a subpoena may be quashed do not include an allegation that the subpoena does not comply with the applicable discovery deadlines, particularly in court cases where the subpoenaed party is not a party to the case. Therefore, Computer Associates' objections to the re-issued subpoena are improper and without merit.

Accordingly, Novell, Inc. demands that Computer Associates comply with the subpoena or Novell will file a motion to compel.

Very truly yours,

Heather M. Sneddon

cc:    Thomas R. Karrenberg, Esq.
       John P. Mullen, Esq.
       Kenneth W. Brakebill, Esq.

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | FEB/16 | 05:43PM | 16313426550 | 0:00:47 | 3 | OK | SG3 | 0824 |

Law Offices
## ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 CHASE TOWER
50 West Broadway
Salt Lake City, Utah 84101-2035

Telephone: (801) 534-1700
Telecopier: (801) 364-7697

FRANCIS J. CARNEY
JOHN T. ANDERSON
PIERRO RUFFIONENGO
Of Counsel

## FAX TRANSMITTAL SHEET

TO:             Adam Bernstein

FAX NO.:        631-342-6550

FROM:           Heather M. Sneddon

DATE:           February 16, 2007

CLIENT:         Novell (90068.31)

PAGES:          3, including cover page

Message:

Please see the attached.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT
RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS DOCUMENT IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE
IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENTS TO US AT NO
COST TO YOU.

SENT BY:



One CA Plaza
Islandia, NY 11749
tel: +1 631 342-2630
fax: +1 631 342-6550
adam.bernstein@ca.com

ADAM BERNSTEIN
V.P. & Senior Counsel



February 23, 2007

**Via E-mail – Confirmation By Overnight Mail**

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101

> Re:    The SCO Group, Inc. v. Novell, Inc.
>        Case No. 2:04-cv-00139

Dear Ms. Sneddon:

Thank you for sending your February 16, 2007 letter to me by e-mail this afternoon.

It is unfortunate that Novell's failure first to comply with Rule 45 Fed.R.Civ.P., and then with the scheduling order in your case, have required CA to object to both of your subpoenas to CA. Nevertheless, and despite protestations to the contrary, it is beyond dispute that:

- CA's objections to both of Novell's subpoenas were properly lodged;
- As CA pointed out, Novell's original subpoena was entirely deficient;
- Novell was required to reissue its subpoena to CA because its original subpoena was deficient; and
- As CA has pointed out, Novell no longer has any standing, power or grounds to compel documentary discovery in connection with the above litigation.

Finally, Novell has failed to respond to CA's inquiry as to whether the noticed deposition is within the bounds of the court's discovery extensions.

Should you move to compel, please send a courtesy copy of any papers directly to me.

Sincerely,

Adam T. Bernstein



BOIES   SCHILLER   &   FLEXNER   L.L.P

333 MAIN STREET • ARMONK, NY 10504 • PH  914.749.8200 • FAX 914.749.8300

March 1, 2007

<u>By Facsimile and First-Class Mail</u>

Kenneth W. Brakebill, Esq.
Morrison & Forster LLP
425 Market Street
San Francisco, California 94105-2482

Re:    <u>SCO v. Novell, Civil No. 2:03V0294DAK</u>

Dear Ken:

We understand that Computer Associates ("CA") has objected to the reissued
subpoena you served upon CA. SCO objects to this reissued subpoena to the extent it
would permit Novell to exceed the number of additional depositions permitted by the
Court's minute order of January 25, 2007.

Please let me know if you would like to discuss.

Sincerely,

*Edward Normand /V.S.*

Edward Normand

cc: Adam T. Bernstein (facsimile: 631-342-6550)



B O I E S    S C H I L L E R    &    F L E X N E R    L L P

333 MAIN STREET* ARMONK, NY 10504* 914-749-8200* FAX 914-749-8300

**RECEIVED**

FEB 2 9 2007

SF FAX CENTER

# FACSIMILE COVER SHEET
## _PRIVILEGED AND CONFIDENTIAL_

31K

TO:    Kenneth W. Brakebill, Esq.        FAX NO.: (415) 268-7522
       Mr. Adam T. Bernstein                      (631) 342.6550

FROM:    Edward (Ted) Normand

DATE:    March 1, 2007        **Total Number of Pages: 2**
                              (including this cover sheet)

SUBJECT:    <u>SCO v. Novell, Civil No. 2:03V0294DAK</u>

**IF YOU DO NOT RECEIVE ALL THE PAGES INDICATED ABOVE, PLEASE
CONTACT US AS SOON AS POSSIBLE AT (914) 749-8200.**

MESSAGE:

· This facsimile transmission contains confidential and/or legally privileged information from the law firm of Boies, Schiller & Flexner LLP intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or the taking of any action in reliance on, the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately at 914-749-8200, so that we can arrange for the return of the documents to us at no cost to you.

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>    Plaintiff & Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>    Defendant & Counterclaim-Plaintiff. | **STIPULATION RE SCHEDULING**<br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Defendant and Counterclaim-Plaintiff Novell, Inc. ("Novell"), by and through its counsel, and Plaintiff and Counterclaim-Defendant The SCO Group, Inc. ("SCO"), by and through its counsel, hereby stipulate as follows:

All currently-noticed depositions shall be completed by March 30, 2007. Any documents subpoenaed from currently-noticed third-party deponents shall be produced in advance of their respective depositions.

The parties agree to the following expert discovery deadlines:

(a)      The parties agree that the parties bearing the burden of proof on issues will designate and submit the reports of its expert witnesses on these issues, if any, by April 25, 2007.

(b)      The deadline for submitting any opposing expert reports will be May 23, 2007.

(c)      Any rebuttal expert reports must be served by June 8, 2007.

(d)      Expert depositions shall commence no earlier than June 14, 2007 and shall be completed by June 22, 2007. They will be taken where the expert resides unless otherwise agreed.

The deadline for dispositive motions shall be extended from March 14, 2007 to April 13, 2007.

The parties agree to the aforementioned deadlines with the intention of maintaining the September 17, 2007 trial date.

DATED:      March 2, 2007

ANDERSON & KARRENBERG


_____/s/ Heather M. Sneddon_____
Thomas R. Karrenberg
John P. Mullen
Heather M. Sneddon
**Attorneys for Novell, Inc.**

DATED:      March 2, 2007

                          BOIES, SCHILLER & FLEXNER LLP


                          _____/s/ Peter A. Gwynne_____
                          (Signed by filing attorney with permission
                          of Peter A. Gwynne)
                          Edward J. Normand
                          Peter A. Gwynne
                          **Attorneys for The SCO Group, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2007, I caused a true and correct

copy of the foregoing **STIPULATION RE SCHEDULING** to be served to the following:

*Via CM/ECF:*

Brent O. Hatch
Mark F. James
HATCH JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stuart H. Singer
William T. Dzurilla
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301

Edward J. Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Devan V. Padmanabhan
John F. Brogan
DORSEY & WHITNEY, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55401

*Via U.S. Mail, postage prepaid:*

Stephen Neal Zack
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

*/s/ Heather M. Sneddon*

4

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697

**Attorneys for Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>   Plaintiff & Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>   Defendant & Counterclaim-Plaintiff. | **ORDER RE SCHEDULING**<br><br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Based upon the parties' Stipulation re Scheduling and good cause appearing therefor, it is

hereby ORDERED as follows:

All currently-noticed depositions shall be completed by March 30, 2007. Any documents subpoenaed from currently-noticed third-party deponents shall be produced in advance of their respective depositions.

The following expert discovery deadlines shall apply:

(a)     The parties bearing the burden of proof on issues will designate and submit the reports of its expert witnesses on these issues, if any, by April 25, 2007.

(b)     The deadline for submitting any opposing expert reports will be May 23, 2007.

(c)     Any rebuttal expert reports must be served by June 8, 2007.

(d)     Expert depositions shall commence no earlier than June 14, 2007 and shall be completed by June 22, 2007. They will be taken where the expert resides unless otherwise agreed.

The deadline for dispositive motions shall be extended from March 14, 2007 to April 13, 2007.

The September 17, 2007 trial date shall not change.

DATED:     March 5th, 2007

BY THE COURT:

Judge Dale A. Kimball
United States District Court Judge

2



LAW OFFICES

# ANDERSON & KARRENBERG

A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH

700 CHASE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2035

TELEPHONE (801) 534-1700
FACSIMILE (801) 364-7697
www.aklawfirm.com

JOHN T. ANDERSON
FRANCIS J. CARNEY
PIERO RUFFINENGO
Of Counsel

March 8, 2007

*Via E-mail: Adam.Bernstein@ca.com*
*and U.S. Mail*

Adam Bernstein
Vice President and Senior Counsel
CA, Inc.
One CA Plaza
Islandia, NY 11749

Re:    The SCO Group, Inc. v. Novell, Inc.

Dear Mr. Bernstein:

Enclosed please find the Utah Federal District Court's Order Re Scheduling, entered on
March 5, 2007, which provides in pertinent part: "All currently noticed depositions shall be
completed by March 30, 2007. Any documents subpoenaed from currently-noticed third-party
deponents shall be produced in advance of their respective depositions."

As you know, Novell, Inc. provided notice to The SCO Group, Inc. of its re-issued
subpoena to Computer Associates International on February 2, 2007 via letter to SCO's counsel,
Edward J. Normand. Thus, the Utah Federal District Court's Order Re Scheduling resolves all of
the objections stated in your February 12, 2007 letter concerning Novell's re-issued subpoena.

Accordingly, Novell demands that Computer Associates comply with the re-issued
subpoena. If I do not hear from you in that regard before Tuesday, March 13, 2007, Novell will
file a motion to compel.

Very truly yours,

Heather M. Sneddon

Enclosure

cc:    Thomas R. Karrenberg, Esq.
        John P. Mullen, Esq.
        Kenneth W. Brakebill, Esq.

MORRISON & FOERSTER LLP
Michael A. Jacobs, *pro hac vice*
Kenneth W. Brakebill, *pro hac vice*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ANDERSON & KARRENBERG
Thomas R. Karrenberg, #3726
John P. Mullen, #4097
Heather M. Sneddon, #9520
700 Chase Tower
50 West Broadway
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for **Defendant & Counterclaim-Plaintiff Novell, Inc.**

---

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>       Plaintiff & Counterclaim-Defendant,<br><br>vs.<br><br>NOVELL, INC., a Delaware corporation,<br><br>       Defendant & Counterclaim-Plaintiff. | **ORDER RE SCHEDULING**<br><br><br>Case No. 2:04CV00139<br><br>Judge Dale A. Kimball |

Based upon the parties' Stipulation re Scheduling and good cause appearing therefor, it is

hereby ORDERED as follows:

All currently-noticed depositions shall be completed by March 30, 2007. Any documents subpoenaed from currently-noticed third-party deponents shall be produced in advance of their respective depositions.

The following expert discovery deadlines shall apply:

    (a)    The parties bearing the burden of proof on issues will designate and submit the reports of its expert witnesses on these issues, if any, by April 25, 2007.

    (b)    The deadline for submitting any opposing expert reports will be May 23, 2007.

    (c)    Any rebuttal expert reports must be served by June 8, 2007.

    (d)    Expert depositions shall commence no earlier than June 14, 2007 and shall be completed by June 22, 2007. They will be taken where the expert resides unless otherwise agreed.

The deadline for dispositive motions shall be extended from March 14, 2007 to April 13, 2007.

The September 17, 2007 trial date shall not change.

DATED:    March 5th, 2007

        BY THE COURT:

        Judge Dale A. Kimball
        United States District Court Judge

2



One CA Plaza                                                        ADAM BERNSTEIN
Islandia, NY 11749                                                  V.P. & Senior Counsel
tel: +1 631 342-2630
fax: +1 631 342-6550
adam.bernstein@ca.com



March 14, 2007

**Via E-mail – Confirmation By Overnight Mail**

Heather M. Sneddon
Anderson & Karrenberg, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101

    Re: The SCO Group, Inc. v. Novell, Inc.
      <u>Case No. 2:04-cv-00139</u>

Dear Ms. Sneddon:

   This letter will respond to your letter of March 8, 2007, regarding the reissued subpoena served on CA by Novell, Inc.

   First, we maintain our objections that: (a) document discovery closed in your case prior to service on CA of the reissued subpoena; and (b) the Court allowed for only one deposition to be noticed between January 29, 2007 and February 9, 2007. Moreover, the Order entered by the Court on March 8, 2007 does not appear to alter either of these facts. Instead, that Order appears to simply extend the previous deadline of March 2, 2007 for completing properly noticed depositions (set in the Order of January 25, 2007) to March 30, 2007.

   I note that CA has not categorically refused to provide a deponent. Instead, we have asked Novell to confirm that the CA subpoena is, in fact, the only deposition noticed between January 29, 2007 and February 9, 2007 (as per the Court's Order of January 25, 2007). To date, Novell has refused to reply. At such time as Novell can confirm for us that the noticed deposition complies with that January 27, 2007 Order, we will work with you to arrange for the deposition to take place.

   Moreover, in light of Novell's stated intention to file a Motion to Compel, CA now interposes the following additional General and Specific objections to Novell's subpoena:

   1. <u>General Objections</u>

- CA objects to the production of any documents under the Protective Order in that regardless of CA's designation of such documents as "Confidential," such documents may (pursuant to Section 4(b) of such Protective Order) be produced to in-house

employees of Novell, a company within the same competitive industry as CA. CA will not produce any documents unless and until it receives agreement that no such documents will be provided to any in-house Novell employees.

- CA objects to the definition of "SCO" in that CA has no way of knowing, for example, who are "its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest", which other "person or entity" may be "acting on its behalf," "subject to its control" or "under common control" with it, or what persons or entities may be "otherwise in the corporate family of The SCO Group, Inc."

- CA objects to the definition of "You," "Your" and "Computer Associates" in that there is currently no entity named "Computer Associates International"

- CA objects to the definition of "You," "Your" and "Computer Associates" as including any and all "affiliates" as that term is vague and ambiguous and not defined in the Instructions and Definitions

- CA objects to the definition of "APA" in that CA has no knowledge of the "Asset Purchase Agreement By and Between The Santa Cruz Operation, Inc. and Novell, Inc., dated as of September 19, 2005," nor does it have any knowledge about the existence of any "amendments and schedules thereto."

2.    Specific Objections

- CA objects to Request No. 1: (a) as overbroad and unduly burdensome in that: (i) the request is not limited in time; and (ii) as calling for the production of documents which are equally accessible to Novell and/or have already been produced to Novell by The SCO Group; (b) as calling for the production of documents not within the custody or control of CA; (c) as calling for the production of documents protected by the attorney-client privilege, work-product immunity, or both.

- CA objects to Request No. 2 for the same reasons as its objections to Request No. 1

- CA objects to Request No. 3 for the same reasons as its objections to Request No. 1

- CA objects to Request No. 4 for the same reasons as its objections to Request No. 1; additionally, CA objects to Request No. 4 as not reasonably calculated to lead to the discovery of admissible evidence

- CA objects to Request No. 5 for the same reasons as its objections to Request No. 1 and also states that it has no such documents.

- CA objects to Request No. 6 for the same reasons as its objections to Request No. 4

- CA objects to Request No. 7 for the same reasons as its objections to Request No. 4

- CA objects to Request No. 8: (a) as overbroad and unduly burdensome in that: (i) the request is not limited in time, and (ii) it would require CA to survey each and every person within each and every one of its "affiliates, subsidiaries and agents";; (b) as calling for the production of documents not within the custody or control of CA; and (c) as not reasonably calculated to lead to the discovery of admissible evidence.

- CA objects to Request No. 9: (a) as overbroad and unduly burdensome in that the request is not limited in time; (b) as calling for the production of documents not within the custody or control of CA; (c) as not reasonably calculated to lead to the discovery of admissible evidence; and (d) as duplicative of previous requests

- CA objects to Request No. 10: (a) as overbroad and unduly burdensome in that: (i) the request is not limited in time, and (ii) it would require CA to survey each and every person within each and every one of its "affiliates, subsidiaries and agents"; (b) as calling for the production of documents not within the custody or control of CA; and (c) as not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, CA states that

As requested previously, I would appreciate your providing a copy of any Motion to Compel (and any supporting papers) directly to me.

Sincerely,

Adam T. Bernstein

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 30 2007   ★

BROOKLYN OFFICE

THE SCO GROUP, INC., a Delaware
corporation,

          Plaintiff and Counterclaim-Defendant,

          -against-

NOVELL, INC., a Delaware corporation,

          Defendant and Counterclaim-Plaintiff.

**MISC   07 -137**

Case No. _____

Case No. 2:04cv00139 (pending in U.S.
District Court, District of Utah)

VITALIANO, J.

## CERTIFICATE OF SERVICE

      I, Kim T. Morrissey, am not a party to the above action and am over 18 years of age, and

hereby certify that on the 30th day of March, 2007, I caused to be served a copy of Notice of

Motion to Compel Computer Associates International's Compliance with Subpoena, Novell,

Inc.'s Motion to Compel Computer Associates International's Compliance with Subpoena,

Declaration of Heather M. Sneddon in Support of Novell, Inc.'s Motion to Compel Computer

Associates International's Compliance with Subpoena, Proposed Order Granting Novell, Inc.'s

Motion to Compel Computer Associates International's Compliance with Subpoena, and Rule

7.1 Disclosure Statement in accordance with the Federal Rules of Civil Procedure and the

Eastern District's Local Rules, upon:

          COMPUTER ASSOCIATES INTERNATIONAL
          c/o Prentice-Hall Corp. System Inc., Registered Agent
          80 State Street
          Albany, NY  12207

                               Kim T. Morrissey